NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2815-14T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TATRONE R. WATERS,

 Defendant-Appellant.
_______________________________

 Argued September 19, 2017 – Decided October 3, 2017

 Before Judges Fisher, Fasciale and Moynihan.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Indictment
 No. 12-12-1129.

 Stephen P. Hunter, Assistant Deputy Public
 Defender, argued the cause for appellant
 (Joseph E. Krakora, Public Defender, attorney;
 Mr. Hunter, of counsel and on the brief).

 Kim L. Barfield, Assistant Prosecutor, argued
 the cause for respondent (Jennifer Webb-McRae,
 Cumberland County Prosecutor, attorney; Ms.
 Barfield, of counsel and on the brief).

PER CURIAM

 Defendant, who was seventeen years old, appeals from his

convictions for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and
(2) (Count One); second-degree possession of a firearm for an

unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (Count Two); second-

degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (Count

Three); and fourth-degree aggravated assault, N.J.S.A. 2C:12-

1(b)(4) (Count Four). The judge gave a flawed jury charge and

improperly excluded certain testimony from a key witness, which

deprived defendant of a fair trial. We therefore reverse and

remand for a new trial.

 Brock Gould (co-defendant) testified that defendant had

threatened to kill the victim if the victim did not return an item

in the victim's possession. After defendant allegedly threatened

the victim, the police responded to a shooting at a trailer park.

When an officer arrived at the scene, he found the victim lying

down with a gunshot wound to the back. The victim died later that

day.

 There was conflicting testimony about how many guns were at

the scene and who had used them. The shooting of the victim

occurred while co-defendant's friend, who was a key witness at

trial, drove defendant and co-defendant through the trailer park.

The friend, defendant, and co-defendant remained in the car during

the shooting of the victim. Co-defendant testified that the victim

possessed a gun, admitted he himself possessed a gun, and stated

that the victim pulled out his gun first. At trial, the friend

 2 A-2815-14T1
equivocated about whether the victim possessed a gun, and testified

inconsistently as to whether defendant had fired a weapon at the

victim.

 Co-defendant initially told the police he was not involved

in the shooting. After co-defendant pled guilty to second-degree

possession of a weapon for an unlawful purpose, however, he

testified that he and defendant fired weapons at the victim.

According to co-defendant, defendant shot the victim before the

victim could use his own weapon.

 The judge sentenced defendant on Count One to sixty years in

prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-

7.2(a). The judge merged Count Two and Count Four into Count One.

The judge also sentenced defendant on Count Three to eight years

in prison with four years of parole ineligibility, to run

concurrently with Count One.

 On appeal, defendant argues:

 POINT I
 THE TRIAL COURT'S FAILURE TO CHARGE
 PASSION/PROVOCATION MANSLAUGHTER AS A LESSER-
 INCLUDED OFFENSE OF MURDER WAS PLAIN ERROR
 BECAUSE THE EVIDENCE CLEARLY INDICATED A
 QUICK, SUDDEN REACTION TO [THE VICTIM] PULLING
 OUT A GUN FIRST. U.S. Const. [a]mend. XIV;
 N.J. Const. [a]rt. I, [¶]¶ 1, 10. (Not Raised
 Below).

 POINT II
 THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY
 ON THE LAW OF SELF-DEFENSE WAS PLAIN ERROR

 3 A-2815-14T1
 BECAUSE IT WAS CLEARLY INDICATED BY THE
 EVIDENCE THAT [THE VICTIM] PULLED OUT A GUN
 FIRST. U.S. Const. [a]mend. XIV; N.J. Const.
 [a]rt. I, [¶]¶ 1, 10. (Not Raised Below).

 POINT III
 THE TRIAL COURT'S REPEATED USE OF THE
 AMBIGUOUS PHRASE "AND/OR" IN THE JURY
 INSTRUCTION ON ACCOMPLICE LIABILITY WAS PLAIN
 ERROR BECAUSE IT "GENERATED NUMEROUS WAYS IN
 WHICH THE JURY COULD HAVE CONVICTED WITHOUT A
 SHARED VISION OF WHAT DEFENDANT DID." STATE
 V. GONZALEZ, [444] N.J. SUPER. [62], [77]
 (App. Div. 2016), [] U.S. Const. [a]mend. VI,
 XIV; N.J. Const. [a]rt. I, [¶]¶ 1, 9, 10. (Not
 Raised Below).

 POINT IV
 THE TRIAL COURT'S IMPROPER EXCLUSION OF
 EVIDENCE THAT CO-DEFENDANT TOLD [THE FRIEND]
 WHAT TO SAY IN HIS POLICE STATEMENT DENIED
 DEFENDANT A FAIR TRIAL. U.S. Const. [a]mend.
 XIV; N.J. Const. [a]rt. I, [¶]¶ 1, 10.

 POINT V
 SINCE THIS JUVENILE-DEFENDANT RECEIVED A DE
 FACTO SENTENCE OF LIFE IMPRISONMENT WITHOUT
 THE POSSIBILITY OF PAROLE, THIS MATTER MUST
 BE REMANDED FOR A NEW SENTENCING HEARING AT
 WHICH THE COURT MUST "TAKE INTO ACCOUNT HOW
 CHILDREN ARE DIFFERENT, AND HOW THOSE
 DIFFERENCES COUNSEL AGAINST IRREVOCABLY
 SENTENCING THEM TO A LIFETIME IN PRISON."
 MILLER V. ALABAMA, 132 S. Ct. 2455, 2468-69
 (2010).
 I.

 We begin by addressing defendant's contention that the judge

committed plain error when the judge failed to charge

passion/provocation manslaughter as a lesser-included offense of

murder.

 4 A-2815-14T1
 Defense counsel did not object to the jury charge even though

defendant had the obligation "to challenge instructions at the

time of trial." State v. Morais, 359 N.J. Super. 123, 134 (App.

Div.) (citing R. 1:7–2), certif. denied, 177 N.J. 572 (2003).

Failure to object creates a "presum[ption] that the instructions

were adequate." Id. at 134-35 (citing State v. Macon, 57 N.J.

325, 333 (1971)). Thus, we review defendant's contention for

plain error. R. 2:10-2.

 It is undisputed that "[a]ppropriate and proper charges to a

jury are essential for a fair trial." State v. Green, 86 N.J.

281, 287 (1981). The trial judge must guarantee that jurors

receive accurate instructions on the law as it pertains to the

facts and issues of each case. Id. at 287-88. We read the charge

as a whole to determine whether there was any error. State v.

Adams, 194 N.J. 186, 207 (2008).

 "When the parties to a criminal proceeding do not request

that a lesser-included offense such as attempted

passion/provocation manslaughter be charged, the charge should be

delivered to the jury only when there is 'obvious record support

for such [a] charge[.]'" State v. Funderburg, 225 N.J. 66, 81

(2016) (first alteration in original) (quoting State v. Powell,

84 N.J. 305, 319 (1980)). "A trial court should deliver the

instruction sua sponte 'only where the facts in evidence clearly

 5 A-2815-14T1
indicate the appropriateness of that charge.'" Ibid. (quoting

State v. Savage, 172 N.J. 374, 397 (2002)). This also applies

when, like here, defense counsel specifically asked the judge not

to include any lesser-included offenses for murder.

 "For a trial court to be required to charge a jury sua sponte

on attempted passion/provocation manslaughter, the court 'must

find first that the two objective elements of [the offense] are

clearly indicated by the evidence.'" Id. at 82 (alteration in

original and emphasis omitted) (quoting State v. Robinson, 136

N.J. 476, 491 (1994)). There are four elements to

passion/provocation manslaughter: "[1] the provocation must be

adequate; [2] the defendant must not have had time to cool off

between the provocation and the slaying; [3] the provocation must

have actually impassioned the defendant; and [4] the defendant

must not have actually cooled off before the slaying." State v.

Mauricio, 117 N.J. 402, 411 (1990). The first two elements are

objective while the last two are subjective. Ibid.

 Here, clear evidence exists as to the elements of

passion/provocation manslaughter. The friend drove defendant and

co-defendant to the trailer park and they searched for the victim.

As they approached, the victim pulled out his gun before defendant

and co-defendant fired their weapons. We conclude that the victim

pulling out his gun first objectively constitutes adequate

 6 A-2815-14T1
provocation and, under the circumstances of this case, inadequate

cooling-off time. Although defendant was predisposed to kill the

victim before arriving at the trailer park, the victim brandishing

his gun impassioned defendant's conduct. Such a sequencing of

events demonstrates defendant did not "cool[] off before the

slaying." Ibid. We therefore conclude it was plain error not to

include the charge.

 II.

 Defendant contends that the judge failed to sua sponte charge

self-defense. Defense counsel did not request a self-defense

charge. We therefore review this argument for plain error. R.

2:10-2; State v. O'Carroll, 385 N.J. Super. 211, 235 (App. Div.),

certif. denied, 188 N.J. 489 (2006).

 "A person may justifiably use force against another if he

'reasonably believes that such force is immediately necessary for

the purpose of protecting himself against the use of unlawful

force by such other person on the present occasion.'" State v.

Galicia, 210 N.J. 364, 389 (2012) (quoting N.J.S.A. 2C:3-4(a)).

"The use of deadly force is not justifiable . . . unless the actor

reasonably believes that such force is necessary to protect himself

against death or serious bodily harm[.]" N.J.S.A. 2C:3-4(b)(2).

Moreover, the use of deadly force is not justifiable if "[t]he

actor knows that he can avoid the necessity of using such force

 7 A-2815-14T1
with complete safety by retreating . . . ." N.J.S.A. 2C:3-

4(b)(2)(b).

 "A trial judge must sua sponte charge self-defense in the

absence of a request 'if there exists evidence in either the

State's or the defendant's case sufficient to provide a rational

basis for its applicability.'" Galicia, supra, 210 N.J. at 390

(quoting O'Carroll, supra, 385 N.J. Super. at 236). "The evidence

must 'clearly indicate[]' such a defense to call for such an

instruction in the absence of a request to charge." Id. at 390-

91 (alteration in original) (quoting State v. Perry, 124 N.J. 128,

161 (1991)). Such is the case here.

 As they approached the victim by car in the trailer park, the

victim pulled out his gun. The evidence shows that defendant, who

was not the driver and unable to himself drive away or retreat

from the scene, could reasonably have believed that force was

necessary to protect himself. There is therefore sufficient

evidence in the record, as clearly indicated by co-defendant's

testimony, providing a rational basis for the self-defense charge.

 III.

 Defendant contends that the judge committed plain error when

he used the term "and/or" in the jury instructions on accomplice

liability. Defense counsel did not object to the jury instruction;

 8 A-2815-14T1
we review this contention for plain error. R. 2:10-2; O'Carroll,

supra, 385 N.J. Super. at 235.

 In State v. Gonzalez, 444 N.J. Super. 62, 75-76 (App. Div.),

certif. denied, 226 N.J. 209 (2016),1 we found that the use of

"and/or" in accomplice liability jury instructions rendered the

instructions ambiguous. We explained that the "indictment

required that the jury decide whether defendant conspired in or

was an accomplice in the commission of a robbery, or an aggravated

assault, or both." Ibid.

 By joining (or disjoining) those
 considerations with "and/or" the judge
 conveyed to the jury that it could find
 defendant guilty of either substantive offense
 . . . but left open the possibility that some
 jurors could have found defendant conspired
 in or was an accomplice in the robbery but not
 the assault, while other jurors could have
 found he conspired in or was an accomplice in
 the assault but not the robbery.

 [Id. at 76.]

We further explained that because the jury was told that it could

find the defendant guilty of robbery "and/or" aggravated assault

if the State proved that co-defendant committed robbery "and/or"

1
 In denying certification, the Court expressed that it "agrees
with the Appellate Division's conclusion that the use of 'and/or'
in the jury instruction in this case injected ambiguity into the
charge. The criticism of the use of 'and/or' is limited to the
circumstances in which it was used in this case." Gonzalez, supra,
226 N.J. at 209.

 9 A-2815-14T1
aggravated assault, "the jury could have convicted defendant of

both robbery and aggravated assault even if it found [the co-

conspirator] committed only one of those offenses[.]" Ibid.

 Here, the jury instruction on accomplice liability was

similar to the instruction in Gonzalez, repeatedly using the phrase

"murder and/or aggravated assault." We therefore conclude that

the judge committed plain error when he instructed the jury on

accomplice liability because it could have convicted defendant of

both murder and aggravated assault if it found co-defendant

committed only one of the offenses.

 IV.

 Finally, we agree with defendant that the judge abused his

discretion by excluding from evidence, as hearsay, testimony from

the friend that co-defendant had told the friend what to say in

the friend's statement to the police.

 This court accords "substantial deference to a trial court's

evidentiary rulings." State v. Morton, 155 N.J. 383, 453 (1998),

cert. denied, 532 U.S. 931, 121 S. Ct. 1380, 149 L. Ed. 2d 306

(2001). "[T]he decision of the trial court must stand unless it

can be shown that the trial court palpably abused its discretion,

that is, that its finding was so wide of the mark that a manifest

denial of justice resulted." State v. Goodman, 415 N.J. Super.

210, 224-25 (App. Div. 2010) (alteration in original) (quoting

 10 A-2815-14T1
State v. Carter, 91 N.J. 86, 106 (1982)), certif. denied, 205 N.J.

78 (2011).

 Hearsay is "a statement, other than one made by the declarant

while testifying at the trial or hearing, offered in evidence to

prove the truth of the matter asserted." N.J.R.E. 801(c). "It

follows, therefore, that if evidence is not offered for the truth

of the matter asserted, the evidence is not hearsay and no

exception to the hearsay rule is necessary to introduce that

evidence at trial." State v. Long, 173 N.J. 138, 152 (2002).

"[I]f proffered evidence is hearsay, it can be admitted only

pursuant to one of the exceptions to the hearsay rule." Ibid.

 The friend testified that he was unsure whether defendant

fired a shot. The assistant prosecutor elicited testimony from

the friend that he had told the police that defendant had fired

one shot. On cross-examination, the friend admitted that co-

defendant had told him what to say to the police. The judge struck

from the record the friend's testimony about what co-defendant had

told him to say to the police.

 Although the friend eventually admitted at trial that he was

unsure whether defendant possessed a gun, defense counsel did not

offer, for its truth, co-defendant's instructions to the friend

about what to tell the police. Rather, defense counsel attempted

 11 A-2815-14T1
to impeach the credibility of the friend by showing that co-

defendant influenced the friend's statement to the police.

 V.

 Although we need not reach defendant's remaining contention

as to the sentence because we are reversing the convictions, we

make the following brief remarks.

 Defendant, who was seventeen years old, received an aggregate

term of sixty years of imprisonment subject to the NERA, N.J.S.A.

2C:43-7.2(a). Unlike the fourteen-year-old defendant in Miller

v. Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407

(2012), the judge did not sentence defendant to life imprisonment

without parole or its functional equivalent. Nevertheless, we

vacate the sentence and reverse the convictions.

 Reversed and remanded for a new trial. We do not retain

jurisdiction.

 12 A-2815-14T1